Filed 4/1/22  P. v. Poliquin CA3

# NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Tehama)

----

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　v.<br><br>ROBERT PAUL POLIQUIN, SR.,<br><br>　　　Defendant and Appellant. | C093906<br><br>(Super. Ct. No. 20CR002507)<br><br>ORDER MODIFYING OPINION<br>[NO CHANGE IN JUDGMENT] |

THE COURT:

On the court's own motion, it is ordered that the opinion filed herein on March 21, 2022, be modified as follows:

1.　　　On page 2, the second full paragraph beginning with "We agree with defendant" is deleted and the following paragraph is inserted in its place:

We agree with defendant that section 654 prohibits him from being sentenced to both the burglary of the Fig Lane storage unit and vandalism of the door to that storage unit, and accordingly remand the matter for resentencing under the amended version of section 654, at which time the trial court may reconsider defendant's fines and fees.  In all other respects, we affirm.

1

2.      On page 17, the first full paragraph beginning with "Defendant also contends" is deleted, including footnote 2, and the following paragraph is inserted in its place:

Defendant raises a host of contentions related to several fines and fees as reflected in his abstract of judgment. He contends the trial court did not orally impose a fine under section 1202.5 or fees under section 1465.8 and Government Code section 70373. He also contends the trial court erroneously calculated the fine under section 1202.5 and did not make an ability to pay finding under that section. Finally, defendant contends his case must be remanded for an ability to pay determination under *People v. Dueñas* (2019) 30 Cal.App.5th 1157. We need not consider defendant's claims because the imposition of any fines and fees will be considered anew at the resentencing hearing.

3.      Beginning on page 17, the Disposition is replaced in its entirety with the following:

The convictions are affirmed and the court is directed to resentence defendant in full exercise of its independent discretion, including to exercise the discretion conferred by section 654.

This modification does not change the judgment.

BY THE COURT:


_____
Hull, Acting P. J.


_____
Robie, J.


_____
Earl, J.

2

Filed 3/21/22  P. v. Poliquin CA3 (unmodified opinion)

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Tehama)

----

| | |
|---|---|
| THE PEOPLE, | C093906 |
| Plaintiff and Respondent, | (Super. Ct. No. 20CR002507) |
| v. | |
| ROBERT PAUL POLIQUIN, SR., | |
| Defendant and Appellant. | |

A jury found defendant guilty of burglarizing two storage units -- the Olive Grove storage unit and the Fig Lane storage unit.  The jury further found defendant guilty of misdemeanor vandalism for damaging the door to the Fig Lane storage unit, but found him not guilty of vandalizing the door to the Olive Grove storage unit.  Defendant also admitted he had previously been convicted of a strike offense.  After granting defendant's motion to dismiss his prior strike as to one of his felony convictions, the trial court sentenced defendant to six years eight months in prison and imposed various fines and fees.

1

Defendant appeals arguing there was insufficient evidence presented at trial to support his conviction for burglary of the Olive Grove storage unit. He also argues the court committed two incidents of instructional error and erroneously denied his motion for a mistrial. Regarding his sentence, defendant contends the trial court was required to stay, pursuant to Penal Code[1] section 654, the term imposed for his misdemeanor vandalism conviction and the imposed fine and fees must be stricken or reduced.

We agree with defendant that section 654 prohibits him from being sentenced to both the burglary of the Fig Lane storage unit and vandalism of the door to that storage unit, and accordingly remand the matter for resentencing under the amended version of section 654. We also agree with defendant that the trial court never orally imposed the theft fine (§ 1202.5), the court security fee (§ 1465.8), and the criminal conviction fee (Gov. Code, § 70373), and thus the fine and fees must be stricken. In all other respects, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

On an October morning, David M. drove to the Fig Lane storage facility he owned. Upon arrival, he saw a storage unit with a damaged door and defendant taking a box out of the unit before going to his car. Defendant saw David and hurried to his car with a surprised look on his face, as if "he had been caught." After putting the box in his car, defendant got into the driver's seat to drive away. David rammed defendant's car with his own truck, pinning it against a storage unit to stop defendant from getting away. Defendant then jumped out of his car and ran. David's employee followed and, soon after, David followed the two in his truck. Eventually, David's employee caught defendant and held on to him until the police arrived and arrested him. When later asked

---

[1]     Further section references are to the Penal Code unless otherwise indicated.

2

whether he wanted to make a statement, defendant said no before spontaneously stating he "found that stuff outside of the unit."

That same morning, a burglary was reported at the Olive Grove storage facility located "a few hundred yards" away from the Fig Lane storage facility. A single unit was burglarized at the Olive Grove facility. The unit's door was damaged and it looked as if it had been pried open. The owner of the burglarized storage unit later identified property in defendant's car as having been taken from his unit at the Olive Grove storage facility.

The jury found defendant guilty of second degree burglary of the Olive Grove and the Fig Lane storage facilities. They further found him guilty of misdemeanor vandalism based on the damage to the Fig Lane storage unit door but acquitted him of misdemeanor vandalism based on the damage to the Olive Grove storage unit door. Defendant also admitted he had previously been convicted of a strike offense. On defendant's motion, the trial court exercised its discretion to dismiss defendant's strike offense as to one of the burglary convictions.

The trial court sentenced defendant to an aggregate term of six years eight months, comprised of three years, doubled pursuant to the three strikes law, for one of the burglary convictions, plus a consecutive eight-month sentence for the other burglary conviction, and a concurrent 30-day sentence for the misdemeanor vandalism. When imposing this sentence, the trial court indicated it was following the recommendation of the probation report by committing defendant to state prison.

When imposing fines and fees, the trial court stated it would "reserve jurisdiction over restitution, but I will also order restitution fines as outlined in the probation report. There is a restitution fine in the amount of $1,200 to the restitution fund, and the second one will be stayed upon successful completion of probation; and, as I stated, there is restitution in the amount of $1,675." Defense counsel then told the court defendant "does not have the ability to pay any of the fines, so I am asking that they all be stayed." The court responded, "I am not going to stay those at this time." The trial court then

calculated defendant's sentencing credits and informed him of his right to appeal. Defendant's abstract of judgment provides, in addition to the restitution fines addressed by the court, that defendant was to pay a $78 theft fine pursuant to section 1202.5, an $80 court security fee pursuant to section 1465.8, and a $60 criminal conviction fee pursuant to Government Code section 70373.

Defendant appeals.

## DISCUSSION

### I

*Defendant's Conviction For Burglary Of The Olive Grove*
*Storage Unit Is Supported By Substantial Evidence*

Defendant contends the evidence is insufficient to sustain his conviction for second degree burglary of the Olive Grove storage unit because his mere possession of stolen property from that unit was insufficient to establish guilt. We disagree.

The standard of review for a claim of insufficient evidence is well established. "[T]he court must review the whole record in the light most favorable to the judgment below to determine whether it discloses substantial evidence -- that is, evidence which is reasonable, credible, and of solid value -- such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt." (*People v. Johnson* (1980) 26 Cal.3d 557, 578.) "We resolve neither credibility issues nor evidentiary conflict; we look for substantial evidence." (*People v. Maury* (2003) 30 Cal.4th 342, 403.) The standard is the same " ' " 'whether direct or circumstantial evidence is involved." ' " " (*People v. Thompson* (2010) 49 Cal.4th 79, 113.) "An appellate court must accept logical inferences that the jury might have drawn from the circumstantial evidence." (*Maury*, at p. 396.) A reversal for insufficient evidence is warranted only when there is no hypothesis under which substantial evidence supports the jury's verdict. (*People v. Zamudio* (2008) 43 Cal.4th 327, 357.)

4

A person who "enters any house . . . or other building . . . with intent to commit grand or petit larceny or any felony is guilty of burglary." (§ 459.) "Every burglary of an inhabited dwelling house . . . or the inhabited portion of any other building, is burglary of the first degree. [¶] . . . All other kinds of burglary are of the second degree." (§ 460, subds. (a)-(b).) "Possession of recently stolen property is so incriminating that to warrant conviction there need only be, in addition to possession, slight corroboration in the form of statements or conduct of the defendant tending to show his guilt." (*People v. McFarland* (1962) 58 Cal.2d 748, 754.)

Contrary to defendant's contention, more than slight corroborating evidence was presented demonstrating defendant burglarized the Olive Grove storage unit. In addition to evidence defendant possessed stolen property from both the Fig Lane and Olive Grove storage units, the evidence demonstrated: the burglary at the Olive Grove storage unit was reported shortly after the burglary at the Fig Lane storage unit, the two storage units were only "a few hundred yards" apart, defendant was caught in the act of burglarizing the Fig Lane storage unit, and defendant attempted to flee when he was discovered at the Fig Lane storage unit with stolen property in his car. From this evidence, the jury could reasonably infer defendant obtained the stolen property from the Olive Grove storage unit by entering the unit and taking it. The proximity of the Olive Grove storage facility to the Fig Lane storage facility defendant was caught burglarizing and the fact that the burglaries occurred close in time, support the conclusion defendant entered both storage units during a continuous course of criminal conduct for the purpose of taking property within the units.

Defendant's attempt to flee is further evidence of his intent. "Flight, like possession of stolen property, is not enough, standing alone, to sustain a conviction [citations]; but they are strong enough to support each other, to supply that slight corroboration which each needs." (*People v. Wells* (1960) 187 Cal.App.2d 324, 329.) Initially, defendant attempted to flee in his car after he was discovered taking property

5

from the Fig Lane storage unit. After David pinned defendant's car against the storage unit, defendant jumped out of his car and continued his attempt to flee on foot. Based on this evidence, a jury could reasonably infer defendant fled from his car to distance himself from the stolen property within it, which included property taken from the Olive Grove storage unit.

Defendant also argues, because he was acquitted of vandalizing the Olive Grove storage unit, there was insufficient evidence to sustain his burglary conviction for that unit. Defendant is mistaken. Forced entry is not an element of burglary. (§ 459; see *People v. Prince* (2007) 40 Cal.4th 1179, 1260.) Thus, the prosecution was not required to prove defendant pried open the door of the Olive Grove storage unit to convict defendant of the burglary; it had to prove only that he entered the storage unit. As discussed, sufficient evidence supports the conclusion defendant entered the Olive Grove storage unit to take property.

Moreover, inconsistent jury verdicts are permissible. "It is . . . settled that an inherently inconsistent verdict is allowed to stand; if an acquittal of one count is factually irreconcilable with a conviction on another . . . effect is given to both." (*People v. Santamaria* (1994) 8 Cal.4th 903, 911.) In such circumstances, "[t]he jury may have been convinced of guilt but arrived at an inconsistent acquittal . . . 'through mistake, compromise, or lenity . . . .' " (*Ibid*.) Further, section 954 provides: "[a]n acquittal of one or more counts shall not be deemed an acquittal of any other count." The jury's not guilty verdict on the Olive Grove vandalism charge has no bearing on the validity of its verdict on the burglary charge. We conclude defendant's conviction is supported by substantial evidence.

## II

### *Instructional Error*

### A

### *Defendant Was Not Prejudiced By CALCRIM No. 361*

The trial court instructed the jury with several instructions pertaining to defendant's conduct in and outside the courtroom. The instructions began with CALCRIM No. 355 pertaining to defendant's right not to testify, followed by CALCRIM No. 357 pertaining to adoptive admissions and CALCRIM No. 358 pertaining to defendant's statements. The trial court next instructed the jury with CALCRIM No. 359 pertaining to corpus delicti, followed by CALCRIM No. 362 pertaining to defendant's false or misleading statements, CALCRIM No. 361 pertaining to defendant's failure to explain or deny adverse evidence, and CALCRIM No. 372 pertaining to defendant's flight.

Defendant contends the instruction pertaining to his failure to explain or deny adverse evidence was given in error because it allowed the jury to draw a negative inference from his failure to testify. The People concede substantial evidence did not support the giving of this instruction and the trial court erred. The People, however, argue the error was harmless under state law. We agree with the People.

Our Supreme Court has held that CALCRIM No. 361 should be given *only* when a *testifying* defendant completely fails to explain or deny incriminating evidence or claims to lack knowledge despite the evidence showing the defendant could reasonably be expected to have such knowledge. (*People v. Cortez* (2016) 63 Cal.4th 101, 117.) Because defendant did not testify, the instruction should *not* have been given.

Here, the instruction omitted all reference to a testifying defendant. The trial court instructed the jury, "If defendant failed to explain or deny evidence against him and if he could reasonably be expected to have done so based on what he knew, you may consider his failure to explain or deny in evaluating that evidence. Any such failure is not enough

7

by itself to prove guilt. The People must still prove the defendant guilty beyond a reasonable doubt. If the defendant failed to explain or deny, it is up to you to decide the meaning and importance of that failure." Further, the instruction appeared in the middle of instructions pertaining to defendant's out-of-court statements and conduct. Thus, there is no indication the jury could reasonably have read CALCRIM No. 361 as commenting on defendant's failure to testify. Accordingly, the error was not of a constitutional magnitude. In any event, error of this type has repeatedly been analyzed under the state harmless error standard. (*People v. Saddler* (1979) 24 Cal.3d 671, 679-681, 683; *People v. Grandberry* (2019) 35 Cal.App.5th 599, 610-611.)

Under the state harmless error standard, prejudice is shown only if it is reasonably probable that a more favorable result would have otherwise been reached. (*People v. Lamer* (2003) 110 Cal.App.4th 1463, 1471-1472.) The impact of CALCRIM No. 361 was mitigated by the language of the instruction itself, which did not direct the jury to draw adverse inferences against defendant. In fact, CALCRIM No. 361 instructs that a failure to explain or deny, by itself, is not a sufficient basis upon which to infer guilt. The instruction also emphasizes the People's burden to prove guilt beyond a reasonable doubt and leaves the meaning and importance of defendant's failure to explain or deny to the jury. Any possible prejudice was further mitigated by CALCRIM No. 200, which instructed the jury "[s]ome of these instructions may not apply, depending on your findings about the facts" and to "follow the instructions that do apply to the facts as you find them." (See *People v. Saddler*, *supra*, 24 Cal.3d at p. 684; *Lamer*, at p. 1472.) We presume the jury followed this instruction. (*People v. Fuiava* (2012) 53 Cal.4th 622, 669.)

Defendant disagrees and argues the instruction permitted the jury to use his failure to explain why he possessed property from the Olive Grove storage unit found in his car when evaluating the evidence. The problem with defendant's argument is that he did explain his possession of the property found in his car. He said he found the property

8

outside the unit. The jury was permitted to consider defendant's statements when evaluating the evidence. (Evid. Code, § 1220; CALCRIM No. 358.) Accordingly, defendant was not harmed by the giving of CALCRIM No. 361.

B

*Defendant Was Not Prejudiced By The Court's Failure To*
*Define The Target Offense Of The Charged Burglaries*

Defendant contends the trial court failed to instruct on all the elements of burglary by failing to define "theft," the alleged target offense of the burglaries. The People argue the trial court had no sua sponte duty to instruct on the elements of theft and, in the alternative, its failure to so instruct was harmless. We agree with defendant the trial court erred, but agree with the People the error was harmless.

In a burglary case, the trial court, on its own initiative, must identify and define the elements of the target offenses the defendant allegedly intended to commit upon entry into the building. (*People v. Hughes* (2002) 27 Cal.4th 287, 349.) "The duty to define such so-called target offenses and instruct on their elements has become well established." (*Id.* at p. 349.) The People contend, however, the trial court did not have a duty to define theft because theft is a commonly understood term. We decline to depart from our Supreme Court's broad holding in *Hughes*, especially in a case, such as this, where the jury was told it would be instructed on the elements of theft.

The error, however, was harmless beyond a reasonable doubt. (See *People v. Hughes*, *supra*, 27 Cal.4th at p. 352 [applying the federal harmless error standard to a failure to instruct on the elements of target offenses].) This issue was addressed almost 80 years ago in *People v. Corral* (1943) 60 Cal.App.2d 66. There, the defendant shoplifted clothing from a large department store and was charged with second degree burglary. The trial court instructed on burglary using the language of section 459, that is, that every person who enters a building with the intent to commit theft is guilty of burglary. (*Corral*, at pp. 68-69, 71-72.) The court did not give further instructions

9

defining theft. The defendant argued the statutory definition of theft included several different acts, and the absence of instruction on the elements left the jury "in ignorance of the precise nature" of the requisite intent. (*Id*. at p. 72.) The *Corral* court rejected this contention, reasoning: "It may well be that in some cases of burglary such an argument would be well taken, but this is not one of them. Only one sort of theft -- larceny -- was indicated by the evidence, and the showing of defendant's intent to commit that crime is so clear that we do not see how the jury could have had any doubt about it, or misunderstood the instruction." (*Ibid*.)

Like in *Corral*, the issues presented at trial had little to do with whether defendant took property with the mental state required of theft. The determinative question was whether defendant entered the storage units to take the property or whether he took property from outside the storage units. As defendant conceded in closing argument, multiple witnesses saw him go inside the Fig Lane storage unit to take property. No one, however, saw him go inside the Olive Grove storage unit to take property. Defendant's defense to the burglary at the Olive Grove storage unit was that it was a reasonable inference he did not enter the storage unit and instead found the property after it had been taken from the storage unit by someone else. He argued this reasonable inference was just as reasonable as believing he burglarized both the Olive Grove storage unit and the Fig Lane storage unit during a single crime spree. But because the inferences were equally reasonable, defendant argued, the jury was required to accept his explanation that he did not enter the Olive Grove storage unit. The jury was instructed on the entry requirement for burglary and necessarily determined defendant entered the Olive Grove storage unit when it found him guilty of burglary, thus rejecting his defense. Moreover, because the error did not vitiate the jury's findings related to the contested issues, defendant's contention that the error was structural is without merit. (See *People v. Merritt* (2017) 2 Cal.5th 819, 829.) Accordingly, reversal is not required.

10

*The Trial Court Did Not Abuse Its Discretion By Denying Defendant's Mistrial Motion*

Defendant contends the trial court erred by denying his mistrial motion after a witness "[i]ntentionally and [m]aliciously" referred to excluded evidence during testimony. (Bolding omitted.) Specifically, defendant argues the trial court's curative instruction was insufficient to remove the prejudice left by the witness's statements. We disagree.

A

*Background*

During motions in limine, the trial court granted defendant's motion to exclude evidence there was a burglary at the Fig Lane storage facility the day before the charged burglary. The court also instructed the prosecution to advise its witnesses not to mention the prior burglary. The prosecutor noted it would inform witnesses accordingly.

The prosecution's first witness was David, owner of the Fig Lane storage facility. When testifying about his discovery of the burglarized storage unit and confrontation of defendant, David also said the Fig Lane storage facility had been burglarized the night before the incident in question. The trial court immediately sustained a defense objection to the testimony, struck it from the record, and instructed the jury not to consider it. A short time later, when asked to describe the person he saw taking property from a storage unit, David testified the person he saw was not wearing a mask, unlike the people who were wearing masks "a while ago." David also described defendant as a "[w]hite male. Loser. I mean, he was, you know, living out of his car, I don't know. White male, dark haired and not very big."

During cross-examination, David again referred to a prior burglary at the Fig Lane storage facility. Specifically, he testified the Fig Lane storage facility "had been broke into, three bins had been broke into exactly the same manner that we were dealing with that day." The court sustained defendant's immediate objection and granted his motion

to strike. The trial court then instructed the jury, "So, jurors, again, the information about the three prior break-ins to the bins, that testimony has been stricken and you are not to consider it. Okay." Soon after, David again testified that three storage bins had been broken into the night before. The trial court stopped David, and told him he could only answer the questions he was asked and then granted defendant's motion to strike.

After David was excused as a witness, and while he walked out of the courtroom, he muttered something to defendant. Before inquiring of the jury, the trial court noted outside its presence "that [David's] demeanor during his testimony was aggressive, he appeared angry. [The prosecutor] apparently instructed him as to the Court's prior ruling about not mentioning anything about prior burglaries and it appeared to the Court that [David] went out of his way to mention those, despite the admonition from [the prosecutor]. [¶] So, the Court is concerned about any potential contact [David] had with jurors out in the hallway."

Upon inquiry, one juror stated David was overheard telling defendant he was going to go to jail, while eight other jurors heard David tell defendant "[l]ooks like jail has been good for you" or something to that effect. David did not communicate with any juror after leaving the courtroom.

Defendant moved for a mistrial based on David violating the court's order excluding evidence of prior burglaries at the Fig Lane storage facility and his comment to defendant when leaving the courtroom. The trial court deferred ruling until the parties could brief the issue. When the jury returned to the courtroom, the trial court instructed it as follows: "Obviously, you folks know why we would -- had to take a break now. Again, I want to reiterate to you this is not unusual at all; however, I want to make clear to you that you are to completely disregard what if anything you heard [David] say. I think I described to you that [defendant]'s, the punishment and his custodial status, is not before you and you are not to consider that in any deliberations. [¶] [David] was an interesting witness he was cussing, which was inappropriate and then, of course, he made

12

a comment. This happens all of the time in courtrooms. I am not sure if you noticed? I really didn't respond, because it is what happens, but it is certainly not appropriate for any of you to take that into [consideration]. And so I would direct you, again, to disregard anything [David] said as he was leaving the witness stand and that should not come into your deliberations at all."

After briefing and argument, the trial court ruled on defendant's mistrial motion as follows: "I want to address the issue of [David] talking about -- I believe he talked about three prior burglaries the night before. I felt that there was appropriate objections. There were timely objections. . . . The Court and [defense counsel were] able to stop [David] and redirect him. We didn't hear anything other than there had been prior burglaries the night before. There was no description of how the burglaries occurred. There was no description about whether the doors were bowed out as [were] described in both of the burglaries that are charged here, whether it was the right side or the left side of the door. We didn't hear any details whatsoever, because the Court and counsel were able to stop [David]. And, so, I don't think there is any prejudice. I think it is . . . very clear to everybody in this courtroom that [David] was incredibly unhappy being here and I would venture to guess that despite being warned not to mention [the burglaries], he went out of his way to attempt to get that in. However, he was thwarted, in the Court's mind he was not able to do that, because he was redirected. The objections were made; they were sustained. Each time, the Court made an admonition to the jury to not, to disregard those statements and I am confident that the jury will be able to do that. It is the Court's position or the Court's view that the People are relying on the manner in which the burglaries at each storage unit were done and the fact that stolen property from each of the storage units were found in the car and none of that information was volunteered by [David] when he was making those statements. [¶] So, the Court does not believe that there is prejudice to the defendant and, again, the Court every single time made the jury or gave the jury an admonition that [it was] to disregard the testimony.

13

"Then, with regard to [David]'s offhand comment as he walked out . . . the comment that jail has been good to you or something similar -- did not necessarily raise the inference that the defendant was in custody and I think I made this statement yesterday that I don't think that comment in the jurors' minds automatically [leads them] to the fact that, oh, he must [be] in custody right now. As I stated yesterday, we heard testimony and evidence that he was arrested at the scene and was transported to the jail and I think that there could be a logical inference that at some point he was in jail, but the jurors don't know and that comment certainly didn't communicate that he is in jail now." Accordingly, the trial court denied defendant's motion for a mistrial.

B

*There Was No Abuse Of Discretion*

"When a witness's volunteered statement is not attributable to either party, a mistrial is called for only if the misconduct is so inherently prejudicial as to threaten defendant's right to a fair trial despite admonitions from the court. [Citation.] ' " 'Whether a particular incident is incurably prejudicial is by its nature a speculative matter, and the trial court is vested with considerable discretion in ruling on mistrial motions. . . .' [Citation.] A motion for a mistrial should be granted when ' " 'a [defendant's] chances of receiving a fair trial have been irreparably damaged.' " ' " ' " (*People v. Molano* (2019) 7 Cal.5th 620, 675-676.) "Ordinarily, a curative instruction to disregard improper testimony is sufficient to protect a defendant from the injury of such testimony, and, ordinarily, we presume a jury is capable of following such an instruction." (*People v. Navarrete* (2010) 181 Cal.App.4th 828, 834.) "It is only in the exceptional case that 'the improper subject matter is of such a character that its effect . . . cannot be removed by the court's admonitions.' " (*People v. Allen* (1978) 77 Cal.App.3d 924, 935.) We review the ruling on a motion for a mistrial for abuse of discretion. (See *People v. Valdez* (2004) 32 Cal.4th 73, 128.)

14

Defendant argues his case is an exceptional case requiring a mistrial because David's statements pertaining to burglaries occurring at the Fig Lane storage facility the night before the charged burglaries was of such a character that it could not have been removed from the jurors' minds by admonition or curative instructions. We disagree. David's offending testimony was not that defendant was known or suspected to have committed the prior burglaries, only that David's storage facility business had been the victim of recent burglaries. As the court noted, David appeared angry by this fact and was aggressive during testimony such that he intentionally ignored the court's in limine ruling. After each instance of offending testimony, the trial court struck the testimony and further instructed the jury to disregard all testimony on the subject of prior burglaries. Following David's testimony, the trial court told the jury David's general demeanor and language were inappropriate. The court also questioned the jury related to David's comment directed at defendant, giving the court an opportunity to assess David's impact on the jury, even though the court's questions did not pertain to David's offending testimony. In all, the court watched the jury's reaction to David's testimony and David's obvious bias toward defendant, as well as the jury's reaction to the court's instruction to disregard David's offending testimony and comments. We thus defer to the court's judgment that the jurors heard and understood the admonition to disregard David's offending testimony. (See *People v. Barnwell* (2007) 41 Cal.4th 1038, 1053.)

Further, given the parties' theories at trial, the trial court reasonably determined defendant was not prejudiced by David's offending testimony. As to the Fig Lane burglary, defendant was caught in the act of burglarizing the storage unit. It is not reasonable a jury would have based its finding on evidence of uncharged burglaries by unknown individuals when presented with such direct evidence of defendant's guilt. Similarly, the jury would not reasonably use David's testimony about prior burglaries to convict defendant of the Olive Grove burglary. Indeed, the more prejudicial evidence demonstrating defendant committed the Olive Grove burglary was his commission of the

15

Fig Lane burglary and possession of property stolen from the Olive Grove storage unit. No evidence was presented demonstrating how the prior Fig Lane burglaries occurred for the jury to compare to the charged burglaries, leaving David's testimony relatively useless for the purposes of determining defendant's guilt.

Moreover, defendant's case stands in stark contrast to cases holding a mistrial was required despite curative instructions. (*People v. Navarrete*, *supra*, 181 Cal.App.4th at pp. 830, 834, 836-837 [curative instruction insufficient after police officer testified the defendant confessed to committing the charged crime of lewd acts on a four-year-old child]; *People v. Allen*, *supra*, 77 Cal.App.3d at pp. 934-935 [in an "extremely close case" determined by credibility, testimony pertaining to the defendant's parole status could not be cured by an instruction].) Here, defendant's case was not close, nor did the offending testimony involve defendant's admissions of guilt. Accordingly, the trial court did not abuse its discretion by denying defendant's motion for a mistrial.

IV

*Defendant's Case Must Be Remanded For*

*Resentencing And His Abstract Of Judgment Corrected*

The parties agree defendant cannot be punished for both the burglary of the Fig Lane storage facility and the vandalism of the Fig Lane storage facility because the vandalism consisted of only the damage defendant caused to the door of the storage unit when entering to commit the burglary. While both parties urge us to stay the term imposed on defendant's misdemeanor vandalism conviction, the law has changed since briefing was filed. Effective January 1, 2022, section 654 was amended pursuant to Assembly Bill No. 518 (Stats. 2021, ch. 441, § 1) to provide the trial court with the discretion to choose the count for which it will impose punishment rather than requiring the trial court to select the count with the longest potential term of imprisonment. This change in the law, like many others like it, is retroactive to defendant's case. (See *In re Estrada* (1965) 63 Cal.2d 740, 744-745 [absent evidence of contrary legislative intent,

16

ameliorative criminal statutes apply to all cases not final when the statute takes effect]; see also *People v. Woods* (2018) 19 Cal.App.5th 1080, 1090-1091.)  Remand is appropriate.

Defendant also contends his abstract of judgment must be corrected to conform to the oral pronouncement of judgment, which did not include a fine under section 1202.5 or fees under section 1465.8 and Government Code section 70373, as reflected in his abstract of judgment.  The People disagree, arguing the trial court adopted the fine and fees as provided in the probation report, which included those challenged on appeal.  We agree with defendant that the trial court never imposed the fine and fees he now challenges.[2]  While the trial court stated it was adopting the recommendations of the probation report, it did so in two specific contexts -- the imposition of sentence and the imposition of the restitution fines. When it came to the theft fine (§ 1202.5), the court security fee (§1465.8), and the criminal conviction fee (Gov. Code, § 70373), the court was silent.  The oral pronouncement of sentence controls over the abstract of judgment. (*People v. Mitchell* (2001) 26 Cal.4th 181, 185.)  The appellate court has inherent power to order correction of the abstract of judgment if it does not accurately reflect the oral pronouncement of the court.  (*Ibid*.)  We do so here.

DISPOSITION

The matter is remanded for resentencing to allow the trial court to exercise the discretion conferred by section 654.  The trial court shall prepare a corrected abstract of judgment by omitting the theft fine (§ 1202.5), the court security fee (§ 1465.8), and the

---

**2**      Defendant alternatively contends his fine under section 1202.5 must be stricken because the trial court did not make an ability-to-pay determination as required by that section, or it must be reduced because it was erroneously calculated.  Defendant also contends his case must be remanded for an ability-to-pay determination under *People v. Dueñas* (2019) 30 Cal.App.5th 1157.  Because we agree with defendant's initial contention, we do not address these remaining claims.

17

criminal conviction fee (Gov. Code, § 70373) and forward a certified copy to the Department of Corrections and Rehabilitation.  The judgment is otherwise affirmed.


/s/
Robie, J.


We concur:


/s/
Hull, Acting P. J.


/s/
Earl, J.


18